IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARLA FAITH CRAWFORD,

                        Plaintiff,

          v.                              Civil Action Number 3:08CV281

ROBIN SHEA ADAIR,

                        Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the motion to dismiss filed by defendant Robin Shea Adair ("defendant" or "Adair"). The complaint filed by the plaintiff, Marla Faith Crawford ("plaintiff" or "Crawford"), entitled "Petition for Judgement on Mortgage Fraud and Identity Theft," references several sections of the United States Code. Plaintiff cites 18 U.S.C. § 1028, 18 U.S.C. § 1043, and 18 U.S.C. § 2314. Crawford also refers to the United States Constitution, "Article I, section 20," and "Article 2 of Constitution - equal protection" and cites 42 U.S.C. §§ 1981, 1983, 1985 and 1988. The defendant has filed a motion to dismiss with the appropriate notice. The plaintiff has responded, and this matter is ripe.

This matter arises from events that took place in 2006 and 2007 regarding property located at 1913 Clearfield Street, Richmond, Virginia. In paragraph 1, plaintiff alleges that the defendant without authority "use[d] [her] signature and placed it to a Bargain Deed of Sale," in violation of 18 U.S.C. § 1028(a)(7). In paragraph 2, Crawford alleges that she found out about this on May 24, 2006, after she "learned that Mr. Robin Adair had altered some signed documents that had my signature," constituting "use of false/fraudulent document in financial crime." In paragraph 3, she alleges that Adair then "deeded [her] home to Real Estate Remedies without [her] knowledge,

consent or authorization to do so." In paragraph 4, citing 18 U.S.C. § 1028(a)(7), Crawford alleges that Adair "had used [her] signature in a manner without [her] consent, knowledge or authority." In paragraph 5, plaintiff alleges that Adair "recorded the Deed on [her] home in the name of his company . . . [and] hid the fact that he actually sold [her] home to a Frank McCullough on June 20, 2006 for an unknown amount." In paragraph 6, plaintiff alleges that in September 2007, McCullough sold the property back to Adair. In paragraph 7, plaintiff alleges that a transaction in September 2006 between Adair and McCullough took place while her "mortgage was under the protection of the Bankruptcy Court" and that "Adair was aware of the Bankruptcy." In paragraph 7, plaintiff also alleges that "Adair flipped the property back to Frank McCullough . . . although the property is currently deeded to the Religious Group of Southside Baptist Church." Paragraph 8 alleges that the defendant "has continued to have [plaintiff's] mortgage and personal accounts accessed as late as September 2007." Paragraph 9 refers to Exhibits B and C to show "the fraudulent acts committed against [plaintiff] to gain ownership of [her] home." In the final paragraph, plaintiff seeks the return of her home or a replacement home, actual damages, and punitive damages.

In the motion to dismiss and memorandum filed in support, the defendant makes the following arguments: (1) that plaintiff does not have standing to bring an action under Section 1028 because it is a criminal statute and does not provide a private cause of action; and even if the statute provided for a private cause of action, she has not made allegations that would satisfy the provision of the statute; (2) that Title 18, United States Code, Section 1043 is not an actual statute within the United States Code and plaintiff has not alleged any wire transfer in her complaint; (3) that plaintiff does not have standing to bring an action under Section 2314 because it is a criminal statute and does not provide a private cause of action, and she has not alleged that the subject property of this

action – real estate – has been transported as required under Section 2314; (4) that plaintiff's complaint fails to set forth allegations that could result in a finding of a violation of Sections 1981, 1983, 1985, or 1988 of Title 42 of the United States Code, specifically that plaintiff has cited no facts that would implicate the equal protection or civil rights laws under the cited Code sections; (5) that plaintiff's complaint fails to set forth allegations that could result in a finding of a violation of the Constitution of the United States; (6) that plaintiff's complaint seeks to address a purported wrong by a prior, valid state court judgment entered in the Circuit Court for the City of Richmond and in which she and her counsel executed a consent order disposing of this matter; (7) that res judicata bars this matter; and (8) that the Court lacks jurisdiction over the defendant and lacks subject matter jurisdiction. Defendant seeks dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiff disputes the defendant's arguments.

With regard to Title 18, United States Code, Section 1028, the defendant is correct. This is a criminal statute that does not provide a private cause of action. Therefore, any claim under this statute must be dismissed. With regard to Title 18, United States Code, Section 1043, the defendant is correct again. There is no such statute in the United States Code. Therefore, any claim under this purported statute must be dismissed. With regard to Title 18, United States Code, Section 2314, the defendant is also correct. This is a criminal statute that does not provide a private cause of action. Therefore, any claim under this statute must be dismissed.

Plaintiff cites Sections 1981, 1983, 1985, and 1988 of Title 42 of the United States Code. Section 1981 applies only to claims of race discrimination but plaintiff has stated no facts regarding race discrimination. Section 1983 applies only where there is someone alleged to have taken wrongful action while acting under the authority of state law. Section 1985 applies to conspiracies

to violate civil rights. Section 1988 deals with attorneys fees. The complaint fails to set forth allegations that could result in a finding of a violation of any part of Sections 1981, 1983, 1985, and 1988 of Title 42 of the United States Code. Therefore, any claims under these statutes must be dismissed.

Plaintiff also cites the Constitution, Article I, section 20, which does not exist. She also refers to "Article 2 of Constitution - equal protection" but has set forth no facts that implicate any equal protection aspect of the Constitution.

Defendant also argues that the Rooker-Feldman doctrine may apply. In Davani v. Virginia Dep't of Transportation, 434 F.3d 712 (4th Cir. 2006), the Fourth Circuit examined the narrowed scope of the doctrine. The Fourth Circuit noted that in Exxon Mobil Corp. v. Saudi Basic Industries Group, 544 U.S. 280 (2005), the United States Supreme Court had "reined in the expansive interpretation of the Rooker-Feldman doctrine," holding that the doctrine "'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments . . . .'" 434 F.3d at 718 (quoting Exxon, 544 U.S. at 284). The defendant in this case, Adair, filed a complaint in the Circuit Court for the City of Richmond pursuant to Section 8.01-124 of the Code of Virginia (Case No. CL06-7870-1). Through this Unlawful Detainer action, he sought to have Crawford removed from the property at 1913 Clearfield Street, Richmond, Virginia and sought various costs. Crawford filed a counterclaim in which she sought to have her home "deeded back to [her] and legal fees incurred in this matter." This is essentially what she seeks in this action – the return of her home or a replacement home and damages. Thereafter, the parties reached a settlement, and the settlement

agreement between the parties was memorialized by Crawford's attorney. A Consent Order was drafted and was signed by Adair's attorney, Crawford's attorney, and Crawford. It was then entered by the court on June 22, 2007. The Consent Order gave Adair immediate possession of the premises located at 1913 Clearfield Street in the City of Richmond, Virginia. On July 16, 2007, Crawford and Adair's attorney appeared before the circuit court judge on Crawford's motion to reopen the case. The circuit court judge denied the motion, finding that the Consent Order dated June 22, 2007 was a final order and that the court no longer had jurisdiction. The matter was then stricken from the docket. Crawford's answer to the motion to dismiss in this action lists many complaints against the state court judgment. Crawford complains about the signing of the Consent Order, the settlement, and her counsel. She claims that the "Circuit Court for Richmond City was out of its jurisdiction to hear matters of mortgage fraud." In the instant action, she is clearly requesting "district court review and rejection of [the judgment of the Circuit Court for the City of Richmond]." Accordingly, the Rooker-Feldman doctrine bars the exercise of jurisdiction in this case.[1]

In addition, as noted by the United States Court of Appeals in Garraghty v. Virginia Retirement System, 2006 WL 2548195 (4th Cir. 2006), "the existence of subject matter jurisdiction depends on the assertion of a substantial federal claim." Id. at 2 (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be

---

[1] Even if this matter was not barred by Rooker-Feldman, the doctrine of res judicata, also known as claim preclusion, would bar Crawford from relitigating the claims brought in the instant action. Under Virginia law, "[t]he doctrine of res judicata precludes parties from relitigating the same cause of action when a valid, final judgment was previously entered." Scales v. Lewis, 261 Va. 379, 541 S.E.2d 899, 901 (2001).

absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Id. (internal quotation marks & citations omitted). See also Davis v. Pak, 856 F.2d 648, 651 (4th Cir. 1988) (holding that federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). In particular, district courts must guard against litigants who assert a federal claim "as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." Davis, 856 F.2d at 651. See also Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir.1999).  In the instant matter, Crawford has not asserted a substantial federal claim.  She fails to state a claim under any of the federal statutes she lists.  She refers to "Article 2 of Constitution - equal protection" but has set forth no facts that implicate any equal protection aspect of the Constitution and so fails to state a claim upon which relief could be granted based on equal protection.  Accordingly, if this matter were not barred by Rooker-Feldman, it would be dismissed because there is no substantial federal claim.  Further, if the Court did have subject matter jurisdiction in this matter, for the reasons stated above, this matter would be dismissed because plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

For these reasons, the defendant's motion to dismiss will be granted.  This matter will be dismissed.

The Court has also reviewed the motion for sanctions and response.  The motion for sanctions will be denied.

An appropriate order shall issue.

July 29, 2008                                         /s/
DATE                              RICHARD L. WILLIAMS
                                  SENIOR UNITED STATES DISTRICT JUDGE